UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. Philips Corporation,<br><br>              Plaintiff,<br><br>v.<br><br>Iwasaki Electric Company Ltd.,<br><br>              Defendant. | 03 Civ. 0172 (PKC) |

**IWASAKI'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING PHILIPS' MOTION FOR
<u>WILLFULNESS, ENHANCED DAMAGES AND ATTORNEYS' FEES</u>**

Dated: August 1, 2008

John B. Pegram (JP 2636)
David Francescani (DF 9701)
Irene E. Hudson (IH 1446)
David Loretto (DL 9206)
Lawrence Lu (LL 6979)
Fish & Richardson P.C.
Citigroup Center - 52nd Floor
153 East 53rd Street
New York, NY 10022-4611
Tel: (212) 765-5070
Fax: (212) 258-2291

Attorneys for IWASAKI ELECTRIC
COMPANY LTD.

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 2

II. FINDINGS OF FACT ......................................................................................................... 2

III. CONCLUSIONS OF LAW ................................................................................................. 4

    A. Iwasaki Has Not Willfully Infringed the '181 Patent .................................................. 4

    B. Philips Has Not Shown Any Basis for Award of Enhanced Damages ........................ 5

    C. Philips Has Not Shown Any Basis for Award of Attorneys' Fees ............................... 6

IV. CONCLUSION .................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alyeska Pipeline Service Co. v. Wilderness Society*,
 421 U.S. 240, 95 S.Ct. 1612 (1975) ..................................................................................6

*Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*,
 15 F.3d 1573 (Fed. Cir. 1993) ...........................................................................................6

*Cybor Corp. v. FAS Techns., Inc.*,
 138 F.3d 1448 (Fed. Cir. 1998) (*en banc*) .....................................................................5, 6

*Muniauction, Inc. v. Thomson Corp.*,
 --- F.3d ----, 2008 WL 2717689 (Fed. Cir. 2008) ............................................................4

*Nemeroff v. Abelson*,
 620 F.2d 339 (2d Cir.1980) ...............................................................................................7

*In re Seagate, Tech., LLC*,
 497 F.3d 1360 (Fed. Cir. 2007) (en banc) .....................................................................4, 5

*Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*,
 182 F.3d 1356 (Fed. Cir. 1999) .........................................................................................6

*Schlaifer Nance & Co. v. Estate of Warhol*,
 194 F.3d 323 (2d Cir. 1999) ..............................................................................................7

*U.S. Philips Corp. v. Iwasaki Elec. Co.*,
 2006 WL 2792693 (S.D.N.Y. Sept. 28, 2006) ..................................................................4

*U.S. Philips Corp. v. Iwasaki Elec. Co.*,
 505 F.3d 1371 (Fed. Cir. 2007) .........................................................................................3

**STATUTES**

28 U.S.C. § 1927 .......................................................................................................................7

35 U.S.C. § 284 .........................................................................................................................5

35 U.S.C. § 285 .........................................................................................................................6

Iwasaki proposes the following findings of fact and conclusions of law as part of its opposition to Philips' motion for a finding of willful infringement, enhanced damages and attorneys' fees. Iwasaki's responses to Iwasaki's one hundred sixty three proposed findings of fact and conclusions of law, most of which are irrelevant to the issues before the Court, are being submitted contemporaneously herewith.

## I. INTRODUCTION

This matter comes before the Court following a jury trial on the validity and infringement of claim 1 of U.S. Philips Corporation's ("Phillips") U.S. Patent 5,109,181 ("the '181 patent") from June 9 through June 23, 2008. On June 23, the jury returned a verdict against defendant Iwasaki Electric Company Ltd. ("Iwasaki").

Having considered all of the evidence, the Court hereby enters the following findings of fact and conclusions of law with respect to Philips' motion for a finding of willful infringement, enhanced damages and attorneys' fees.

## II. FINDINGS OF FACT

1. Philips has not shown by clear and convincing evidence that Iwasaki lacks a reasonable basis for its belief that the claims of the '181 patent are unenforceable for inequitable conduct based on Philips' failure to disclose the Elenbaas prior art reference and Philips' misrepresentation about light output and continuous radiation during the prosecution of the application for the '181 patent, and, therefore, that Iwasaki is not liable for infringement of any claim of the '181 patent. (*See* Iwasaki's Inequitable Conduct Memo (Docket Entry No. 235.)

2. Philips has not shown by clear and convincing evidence that Iwasaki lacks a reasonable basis for its belief that Claim 1 of the '181 patent is invalid for obviousness based on the very high pressure mercury vapor lamp disclosures of Bol and Elenbaas '65, the disclosure of Elenbaas '65 that the addition of a small amount of halogen can be used to reduce lamp

blackening and prolong lamp life and the disclosure in JP '871 of the use of bromine in the range from 1 to 60 x $10^{-4}$ μmol/mm$^3$ to prolong the life of super-high pressure mercury vapor lamps, and, therefore, that Iwasaki is not liable for infringement of Claim 1 of the '181 patent. (*See* Iwasaki's JMOL and New Trial Memo (Docket Entry No. 225.)

    3.    Philips has not shown by clear and convincing evidence that Iwasaki lacks a reasonable basis for its belief that its accused lamps do not literally infringe any claim of the '181 patent because the Federal Circuit has affirmed this court's holding that Iwasaki's accused lamps made since the filing of the Complaint do not literally infringe Claim 1 (*U.S. Philips Corp. v. Iwasaki Elec. Co.*, 505 F.3d 1371, 1377 (Fed. Cir. 2007)) and because Philips abandoned its claim of literal infringement of the halogen concentration limitation at the June 2008 trial of this case.

    4.    Philips has not shown by clear and convincing evidence that Iwasaki lacks a reasonable basis for its belief that its accused lamps do not infringe any claim of the '181 patent under the Doctrine of Equivalents because of its belief that an expanded scope of the halogen concentration limitation in Claim 1 is barred by the very high pressure mercury vapor lamp disclosures of Bol and Elenbaas '65, the disclosure of Elenbaas '65 that the addition of a small amount of halogen can be used to reduce lamp blackening and prolong lamp life, and the disclosure in JP '871 of the use of bromine in the range from 1 to 60 x $10^{-4}$ μmol/mm$^3$ to prolong the life of super-high pressure mercury vapor lamps. (*See* Iwasaki's JMOL and New Trial Memo (Docket Entry No. 225.)

    5.    Philips has not shown by clear and convincing evidence that Iwasaki lacks a reasonable basis for its belief that its accused lamps do not infringe any claim of the '181 patent because the '181 patent does not expressly state how to determine whether mercury vapor

operating pressures are "higher than 200 bar" and because Iwasaki believes it has limited the mercury filling in its accused lamps to amounts less than the amounts disclosed in the '181 patent examples as necessary to attain a pressure of 200 bar. (*See* Iwasaki's JMOL and New Trial Memo (Docket Entry No. 225.)

6.  Until the Federal Circuit decision on November 7, 2007, Iwasaki had a reasonable basis for its belief that its accused lamps did not infringe any claim of the '181 patent, either literally or under the Doctrine of Equivalents, for the reasons stated in this court's September 28, 2006 opinion. (*U.S. Philips Corp. v. Iwasaki Elec. Co.*, 2006 WL 2792693 at *6-9 (S.D.N.Y. Sept. 28, 2006).)

7.  Philips has not shown by clear and convincing evidence that Iwasaki lacks a reasonable basis for its belief that it has not actively induced infringement of any claim of the '181 patent, both because of its belief that it is not liable for infringing any valid and enforceable patent claim for the reasons set forth in Findings 1-6 above, and because of its belief that it is not liable for alleged acts of inducement outside the territorial limits of the United States.

### III. CONCLUSIONS OF LAW

#### A. Iwasaki Has Not Willfully Infringed the '181 Patent

8.  "*In re Seagate Technology, LLC* changed the standard of willful infringement from one akin to negligence to that of objective recklessness." *Muniauction, Inc. v. Thomson Corp.*, --- F.3d ----, 2008 WL 2717689 (Fed. Cir. 2008) (*citing In re Seagate, Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*)).

9.  Willful infringement has "consistently been defined as including reckless behavior," for example, where a defendant "recklessly disregarded the possibility that 'its conduct represented infringement.'" *Seagate*, 497 F.3d at 1370.

10. establish willful infringement, a patentee must prove by clear and convincing evidence that: (1) the infringer's actions were objectively reckless by demonstrating that the infringer "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent"; and (2) the patentee must demonstrate that the objective risk "was either known or so obvious that it should have been known to the accused infringer." *Seagate*, 497 F.3d at 1371.

11. "[I]n ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct." *Seagate* at 1374 ("[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.")

12. Philips has failed to show by clear and convincing evidence that Iwasaki willfully infringed the '181 patent.

### B. Philips Has Not Shown Any Basis for Award of Enhanced Damages

13. Section 284 of the Patent Act allows the Court to enhance damages by increasing them up to three times. 35 U.S.C. § 284.

14. "[A]n award of enhanced damages requires a showing of willful infringement." *Seagate*, 497 F.3d at 1368. "But, a finding of willfulness does not require an award of enhanced damages; it merely permits it." *Id. See also Cybor Corp. v. FAS Techns., Inc.*, 138 F.3d 1448, 1461 (Fed. Cir. 1998) (*en banc*).

15. "A patentee who does not attempt to stop an accused infringer's activities [by seeking a preliminary injunction] should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." *Seagate*, 497 F.3d at 1374.

16. Because a showing of willful infringement is a prerequisite to an award of enhanced damages, Philips has not made the showing necessary for such an award.

C.     **Philips Has Not Shown Any Basis for Award of Attorneys' Fees**

17.    Under what is known as the American Rule, parties to litigation normally pay their own attorneys' fees regardless of the lawsuit's outcome. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612 (1975).

18.    Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

19.    The Federal Circuit has held that "[t]he determination of whether a case is exceptional and, thus, eligible for an award of attorney fees under § 285 is a two-step process. First, the district court must determine whether a case is exceptional, a factual determination reviewed for clear error." *Cybor*, 138 F.3d at 1460 (internal citations omitted). The burden of proving the exceptional nature of the case is by clear and convincing evidence. *See Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1584 (Fed. Cir. 1993).

20.    "[A] finding of willful infringement does not require a finding that a case is exceptional." *Cybor*, 138 F.3d at 1461.

21.    The second step is that "the district court must determine whether attorney fees are appropriate, a determination that we review for an abuse of discretion." *Cybor*, 138 F.3d at 1460. Only if a court finds that the prevailing party has satisfied its burden of proving the existence of an exceptional case, does it then reach the issue of whether or not to award attorney fees. *See Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 182 F.3d 1356, 1359 (Fed. Cir. 1999).

22.    A case is not exceptional if the party seeking attorneys' fees does not show that the other party lacked a reasonable basis in the merits of its case. *See Carroll Touch*, 15 F.3d at 1584 (affirming finding that case was not exceptional in spite of opposing party's expert's

opinion that conduct was not reasonable); *Waymark*, 334 F.3d at 1366 (reversing award of sanctions under 28 U.S.C. § 1927).

23. "If the court finds that the litigation was conducted in good faith, that ends the matter." *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir.1980).

24. "[A] claim is entirely without color when it lacks any legal or factual basis." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999) (quoting *Sierra Club v. United States Army Corps of Eng'rs*, 776 F.2d 383, 390 (2d Cir.1985) (internal quotation marks omitted)).

25. "Conversely, a claim is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." *Id.* In other words, "A claim is colorable when it reasonably might be successful, while a claim lacks a colorable basis when it is utterly devoid of a legal or factual basis. Accordingly, judgment as a matter of law against a claim is a necessary, but not a sufficient, condition for a finding of a total lack of a colorable basis."). *Id.*

26. Philips has failed to show that this case is exceptional with respect to Iwasaki's conduct; therefore, its motion for attorneys' fees must be denied.

## IV.   CONCLUSION

Based upon the above findings of fact and conclusions of law, THE COURT HEREBY CONCLUDES that Philips has failed to show by clear and convincing evidence that Iwasaki willfully infringed the '181 patent.

Based upon the above findings of fact and conclusions of law, THE COURT HEREBY CONCLUDES that Philips has not made the showing necessary for an award of enhanced damages.

Based upon the above findings of fact and conclusions of law, THE COURT HEREBY CONCLUDES that Philips has failed to show that this case is exceptional with respect to Iwasaki's conduct.

Based upon the above findings of fact and conclusions of law, THE COURT HEREBY CONCLUDES that Philips has failed to show that it is entitled to attorneys' fees.

IT IS SO ORDERED.

Dated: _____

_____
HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

Dated: August 1, 2008

Respectfully submitted,

FISH & RICHARDSON P.C.

By: _____
John B. Pegram (JP 2636)
David Francescani (DF 9701)
David Loretto (DL 9206)
Irene E. Hudson (IH 1446)
Lawrence Lu (LL 6979)
Fish & Richardson P.C.
Citigroup Center - 52nd Floor
153 East 53rd Street
New York, NY  10022-4611
Tel:  (212) 765-5070
Fax:  (212) 258-2291

Attorneys for IWASAKI ELECTRIC COMPANY LTD.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing IWASAKI'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING PHILIPS' MOTION FOR WILLFULNESS, ENHANCED DAMAGES AND ATTORNEYS' FEES was served on the plaintiff by sending copies by via e-mail to:

John DiMatteo, Esq.                    Attorney for Plaintiff
Steven R. Reisberg, Esq.
Willkie Farr & Gallagher, L.L.P.
787 Seventh Avenue
New York, NY  10019-6099

Email: jdimatteo@willkie.com
       sreisberg@willkie.com

on August 1, 2008.

_____
Neil Ramsaroop

30441217.doc

9